UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RYNE M. SEETO,<br><br>    Plaintiff,<br><br>v.<br><br>NEVADA HIGHWAY PATROL, *et al.,*<br><br>    Defendants. | Case No. 2:25-cv-00542-___-NJK<br><br>**ORDER<br>&<br>REPORT & RECOMMENDATION** |

On March 14, 2025, Plaintiff filed suit against the Nevada Highway Patrol and the Las Vegas Metropolitan Police Department based on his allegations that they falsely imprisoned him and violated his Second, Fourth, Sixth, and Eighth amendment rights. *See* 2:25-cv-00519-CDS-NJK, Docket No. 1. On March 24, 2025, Plaintiff filed the same complaint in this instant case. Docket No. 1.

District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). "Two actions are in the 'same court' within the meaning of the claim-splitting doctrine when both were filed in federal court." *Almaznai v. S-L Distr. Co.*, 2021 WL 4457025, at *5 n.5 (N.D. Cal. June 21, 2021). The prohibition against claim splitting is a "sub-species of the doctrine of claim preclusion." *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 72 F. Supp. 3d 989, 993-94 (N. D. Cal. 2014); *see also Adams*, 487 F.3d at 688-89 (holding that, in determining whether a subsequent suit is duplicative of a prior suit under the claim-splitting

doctrine, courts "borrow from the test for claim preclusion"). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

Here, the complaints in both cases are identical and thus entirely duplicative. *Compare* 2:25-cv-00519-CDS-NJK, Docket No. 1 *with* 2:25-cv-00542, Docket No. 1. Accordingly, in light of the circumstances outlined above, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

The Clerk's Office is **INSTRUCTED** to remove this case from the magistrate judge consent program and to assign a United States District Judge to rule on this Report and Recommendation.

Dated: March 25, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).